■ In the Matter of MAKALIA G. and Another, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RENEE G., Appellant. [749 NYS2d 184] —Cardona, P.J. Appeal from an order of the Family Court of

Otsego County, (Coccoma, J.), entered July 2, 2001, which dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 10, to, inter alia, modify a previous order of placement.

Respondent is the mother of Bradey G. (born in 1996) and Makalia G. (born in 1998). In separate proceedings, beginning with Bradey in 1997, both children were adjudicated to be neglected by respondent and their father (who is not a party in this proceeding) and placed in the custody of respondent's mother and/or her father subject to petitioner's supervision for a period of one year. Each year thereafter, their placements were extended pursuant to Family Ct Act § 1055. The last order extending Bradey's placement was entered January 25, 2000. By order entered June 12, 2000, Family Court modified the children's placement to the extent of directing unsupervised daytime visits and, upon the consent of the grandmother and petitioner, unsupervised overnight visits with respondent. Thereafter, alleging changed circumstances, respondent filed a petition on November 15, 2000 seeking to modify the children's placement by granting her joint legal custody and physical (residential) custody while continuing supervision by petitioner. On November 24, 2000, while respondent's modification petition was pending, another Family Court order was entered which, by its terms, extended Makalia's placement to November 1, 2001. Following a hearing, Family Court, inter alia, denied respondent's application for modification of its prior order of June 12, 2000. In its July 2, 2001 order, the court continued sole legal custody of the children in the grandparents and directed that respondent have unsupervised visitation. Respondent appeals.

Initially, as indicated above, the last order extending Bradey's placement expired on January 25, 2001 and the last order extending Makalia's placement expired on November 1, 2001. In neither case can the order entered July 2, 2001, determining respondent's modification petition, be deemed a subsequent order extending the placements because the record does not demonstrate the statutory prerequisite that petitions seeking such relief were ever filed (see Family Ct Act § 1055 [b] [i]). In the absence of appropriate extension petitions or a custody petition by the grandparents, Family Court was without jurisdiction to continue the children's placement with the grandparents in the order entered July 2, 2001. Accordingly, on the record before us, we modify that order by reversing so much thereof as continued custody of the children in the grandparents and direct that the children be returned to

respondent's custody. In taking this action, we note that petitioner, in a letter to this Court dated June 11, 2002, indicated that it did not oppose the return of the children to respondent. In light of our decision, we need not address the merits of respondent's argument.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that the grandparents continue to have sole custody of the children; it is directed that respondent be given sole legal custody of the children; and, as so modified, affirmed.